IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRUCE BZURA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ROBERT MOSS and WENDY MOSS,<br><br>　　　　Defendants. | Civil Case No.: 1:17-cv-00813 (DAB) (GWG)<br><br>**AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Bruce Bzura ("Plaintiff"), by and through his attorneys, Norris McLaughlin & Marcus, P.A., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as and for his complaint against defendants Robert Moss and Wendy Moss (jointly, "Defendants") as follows:

## THE PARTIES

1. Plaintiff Bruce Bzura is an individual residing in Marlboro, New Jersey.

2. Defendant Robert Moss ("R. Moss") is an individual residing, upon information and belief, in Woodbury, New York.

3. Defendant Wendy Moss ("W. Moss") is the ex-wife of defendant Robert Moss and, upon information and belief, is a resident of the State of New York.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of the Complaint pursuant to 28 USC § 1332, since the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between a citizen of the State of New Jersey and citizens of the State of New York.

1

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391, because a substantial portion of the events or omissions giving rise to the claim occurred in the Southern District of New York.

## STATEMENT OF FACTS

6. On November 7, 2015, Plaintiff's daughter, Amy Bzura, became engaged to be married to the son of Defendant R. Moss and Defendant W. Moss, Bradley Moss, after the young couple had already been dating and living together happily for more than three years.

7. After a year of planning, an extravagant wedding ceremony and reception was scheduled for Saturday, October 29, 2016 at The Pierre Hotel in New York City. Unfortunately, this wedding ultimately did not occur for the reasons explained herein.

8. On Friday, October 28, 2016, a rehearsal dinner was held at the Blue Water Grill, a restaurant located at 31 Union Square W, New York, NY 1000. The rehearsal dinner was hosted by R. Moss.

9. Adam Bzura, Plaintiff's son and the bride's brother, prepared a heartfelt toast for the bride and groom, which included a video component that he had taken much time to create and produce himself. The video contained photographs and music capturing memories from the bride and groom's relationship. At no time did the bride and groom themselves oppose this video being played, as it was a kind gesture from the bride's brother. The groom's brother, Michael, knew about and had approved of the video being played.

10. Instead of allowing Adam Bzura to present his toast and accompanying video as planned, R. Moss inexplicably and angrily declared that Adam was not allowed to speak at the dinner. R. Moss threatened Adam Bzura by saying, "Do you know what I can do to you?" He also threatened to kick Adam out of the rehearsal dinner.

11. At this point, members of both families became upset and the events began to escalate from there. For example, the situation at the rehearsal dinner got to the point where Defendant Wendy Moss entered into Adam Bzura's personal space and began arguing with him. In addition, Michael punched Adam in the face, egged on by R. Moss. R. Moss also charged Adam, and was prevented from assaulting Adam by plaintiff Bruce Bzura holding him back. The rehearsal dinner ended in shouting and tears.

12. That evening, R. Moss, completely on his own accord and against the bride and groom's wishes, called off the wedding entirely. At Defendant R. Moss's behest, Defendant W. Moss began texting and calling guests and telling them not to come to the wedding planned for the next day.

13. R. Moss did not stop there. Defendants' son, Bradley Moss, works for R. Moss in their family business, Long Island Pipe Supply, Inc. R. Moss intimidated and threatened his son Bradley, indicating that if he went forward with marrying Amy Bzura, defendant would fire Bradley.

14. After the aborted rehearsal dinner, W. Moss, on her own and at the direction of R. Moss, began texting their invited guests telling them not to show up for the wedding.

15. Not yet satisfied with his destruction of a wedding, that Saturday, October 29, R. Moss went even further. Upon information and belief, he called his attorney to add a codicil stating that his son, Bradley, must be cut out of R. Moss' will entirely if he moves forward with marrying Amy Bzura. R. Moss' continued and vicious intimidation effectively destroyed the bride and groom's relationship for good at that point.

16. On Monday, October 31, when Amy Bzura tried to go to the couple's shared apartment to pack her things, she was not allowed entry, as he had changed the locks over the

weekend. Upon information and belief, R. Moss directed his son to not allow her entry in an attempt to further humiliate her.

17. Plaintiff Bruce Bzura had to pay his attorneys to seek an emergency injunction on Amy's behalf that week so that she would be allowed entry to the apartment. The injunction's return date was scheduled for that Thursday, November 3.

18. With the injunction hearing imminent, on Wednesday, November 2, R. Moss and his son finally agreed to allow Amy entry. Amy was dismayed and mortified that an off-duty police officer would have to accompany her to pack all of her belongings. Upon information and belief, R. Moss orchestrated this, despite Amy giving R. Moss and his son no reason to believe she would steal anything or cause any trouble.

19. This entire series of events sparked by R. Moss' extreme malicious and unjustified behavior has caused Plaintiff, his daughter, and their entire family undue distress, irreparable emotional damage, and continued humiliation within their social circles and community.

20. To make matters worse, as the father of the bride, Plaintiff had agreed to pay for almost all of the wedding's expenses long before the fateful rehearsal dinner. The wedding's expenses amounted to approximately $378,000.

21. The only exception to this was that R. Moss had agreed to pay for 79 guests of his and his ex-wife's, which he had personally invited to the wedding.

22. In addition, R. Moss agreed to pay for the rehearsal dinner in its entirety, as the groom's family traditionally offers to do. Plaintiff had never, at any point in time before the rehearsal dinner, agreed to pay for any portion of the rehearsal dinner.

23. Although the wedding did not occur, Plaintiff still had to pay the full amount owed for the wedding in advance, with the understanding that R. Moss would pay him back for the cost of his 79 guests, amounting to $89,919 in total.

24. To date, R. Moss has not paid Plaintiff back any portion of the monies owed for his 79 guests -- let alone offered to offset any of the other economic or emotional damage he has selfishly and unilaterally caused Plaintiff, his daughter, and their family to endure.

## FIRST COUNT
## BREACH OF CONTRACT AGAINST R. MOSS

25. Plaintiff repeats each and every allegation set forth above as if set forth at length herein.

26. At all relevant times, a valid and enforceable contract existed between Plaintiff and R. Moss for defendant's payment of $89,919 to Plaintiff for the 79 guests that defendants personally invited to the wedding and R. Moss agreed to pay for.

27. R. Moss materially breached that contract when he did not pay Plaintiff back the monies agreed upon.

28. As a direct and proximate result of such breach, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff seeks judgment in his favor and against Defendant, Robert Moss, awarding all damages proximately caused by defendant's misconduct, including consequential damages, compensatory damages, out-of-pocket damages, counsel fees, costs of suit, and all other relief that the Court deems just and appropriate.

## SECOND COUNT
## TORTIOUS INTERFERENCE WITH CONTRACT/PROSPECTIVE ECONOMIC ADVANTAGE AGAINST R. MOSS AND W. MOSS

29. Plaintiff repeats each and every allegation set forth above as if set forth at length herein.

30. Plaintiff had a contractual relationship with The Pierre Hotel for the full cost of the wedding, amounting to $195,858, which constituted a contract/protectable right for purposes of a tortious interference claim. In addition, the full cost for the entire wedding exceeded $378,000.

31. Defendants interfered with this contractual relationship, as well as Plaintiff's prospective economic advantage, by unilaterally causing the wedding to not occur and did so intentionally and with malice.

32. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff seeks judgment in his favor and against Defendants, Robert Moss and Wendy Moss, awarding all damages proximately caused by Defendants' misconduct, including consequential damages, compensatory damages, out-of-pocket damages, counsel fees, costs of suit, and all other relief that the Court deems just and appropriate.

### THIRD COUNT
### PRIMA FACIE TORT AGAINST R. MOSS AND W. MOSS

33. Plaintiff repeats each and every allegation set forth above as if set forth at length herein.

34. Defendants' conduct was intended to inflict harm on the Plaintiff.

35. Defendants were solely motivated by malice and malevolence or disinterested malevolence toward the Plaintiff.

36. Defendants' actions were without any excuse or justification.

37. Plaintiff suffered specific and special damages as a result of the Defendants' conduct in that Plaintiff had paid the full cost of the wedding, which did not occur, in the

6

amount of $195,858 paid to the Pierre Hotel, and over $378,000 in total for the entire cost of the wedding, including additional payments for the following services and/or vendors:

- a) $18,206.00 for photography and film;
- b) $60,419.60 for entertainment, including music, lighting, and other entertainment for guests;
- c) $64,716.00 for flowers and arrangements;
- d) $100.00 for cake;
- e) $13,200 for wedding preparation, including wedding planner, make-up, and parking for guests; and
- f) $25,668.00 for invitations.

**WHEREFORE**, Plaintiff seeks judgment in his favor and against Defendants, Robert Moss and Wendy Moss, awarding all damages proximately caused by Defendants' misconduct, including consequential damages, compensatory damages, out-of-pocket damages, counsel fees, costs of suit, and all other relief that the Court deems just and appropriate.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), plaintiff hereby demands a trial by jury on all issues so triable herein.

Dated: April 7, 2017               Respectfully submitted,

/s/ *Melissa A. Peña*
Melissa A. Peña, Esq.
Ami Bhatt, Esq.
NORRIS McLAUGHLIN & MARCUS, P.A
875 Third Avenue, 8th Floor
New York, New York 10022
Phone: 212-808-0700
Attorneys for *Plaintiff*, Bruce Bzura